### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| | ) | |
| IN RE APPLICATION FOR USE IMMUNITY | ) | Misc. No. _____ |
| ORDER FOR WILLIAM LUNA | ) | |
| ———————————————————— | ) | |

### UNITED STATES' *EX PARTE* APPLICATION
### FOR USE IMMUNITY FOR WILLIAM LUNA
### <u>AND STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT THEREOF</u>

The United States of America, by and through the United States Attorney for the District

of Columbia, respectfully requests this Court, pursuant to the provisions of 18 U.S.C. § 6001 *et*

*seq*. to enter an order directing William Luna to testify and produce evidence in the case of

*United States v. Hernan Melendez*, 2007 CF1 2478 (Superior Court, Washington, D.C.), and in

any further proceeding resulting therefrom or ancillary thereto.  A proposed order is attached.  In

support of this request, the government states as follows:

1.      The case of *United States v. Hernan Melendez*, 2007 CF1 2478 (Superior Court,

Washington, D.C.), is a criminal action brought by the United States against Hernan Melendez in

connection with the January 28, 2007, murder of Andres Benitez.

2.      According to witnesses, William Luna, who was a friend of Melendez, was on the

scene and witnessed the murder.  Luna possesses information relevant to the investigation of this

matter.  Mr. Luna retained counsel and, though counsel, refused to testify pursuant to the Fifth

Amendment to the Constitution.  Efforts to secure Mr. Luna's testimony through an informal

grant of use immunity have been unsuccessful.

3.      Consequently, the United States Attorney is applying for an order compelling Mr.

Luna to testify or provide other information in the case, as well as in any further proceeding

resulting therefrom or ancillary thereto.  The statutory scheme for such an application is found at

18 U.S.C. §§ 6001-6005 (2000).

Under this statute, when a United States Attorney believes that a witness's testimony or information that may be necessary to the public interest is likely to be withheld under an assertion of the privilege against self-incrimination, he or she may, with the approval of the Attorney General (or one of the authorized designees), apply to a district court for an order compelling the witness to testify or to provide other information. *See* 18 U.S.C. § 6003(b); *In re Sealed Case*, 791 F.2d 179, 181 (D.C. Cir. 1986). On its face, the statute allows for application both in pending cases and prospectively. 18 U.S.C. § 6003(a) ("In the case of any individual who has been *or may be* called to testify or provide other information at *any proceeding before or ancillary to a court of the United States* . . . .) (emphasis added).

Upon such application, the statute provides that the court "*shall* issue . . . an order requiring" the witness to testify or provide other information which he refuses to give because of his privilege against self-incrimination. 18 U.S.C. § 6003(a) (emphasis added). The statute further provides that no testimony or other information so compelled (or any information directly or indirectly derived from such testimony or other information) may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order. 18 U.S.C. § 6002. Considering that the immunity provided under the statute is coextensive with the privilege against self-incrimination, the Supreme Court and courts of appeals have repeatedly instructed that the immunity provided in Section 6002 provides full constitutional protection for witnesses and therefore leaves them no alternative but to testify. *In re Sealed Case*, 791 F.2d at 181 (citing, *inter alia, Kastigar v. United States*, 406 U.S. 441, 453 (1972)). Given such precedent and the wording of the statute, "district courts are

without discretion to deny a request by a United States Attorney for an order compelling

testimony as long as that request complies with the jurisdictional and procedural requirements of

the law." *In re Sealed Case*, 791 F.2d at 181 (citations omitted).

       4.      In accordance with 18 U.S.C. § 6003(b)(2), it is the judgment of the United States

Attorney that William Luna has refused or is likely to refuse to testify or provide other

information on the basis of his privilege against self-incrimination.

       5.      In accordance with 18 U.S.C. § 6003(b)(1), it is the judgment of the United States

Attorney that the testimony or other information from William Luna may be necessary to the

public interest.

       6.      The United States Attorney represents that this application has been approved by

Assistant Attorney General Christopher A. Wray, Criminal Division of the Department of

Justice, pursuant to the authority vested by 18 U.S.C. § 6003 and 28 C.F.R.0.175.

       WHEREFORE, the United States of America respectfully requests that the Court order

William Luna  to give testimony or provide other information which he refuses to give or to

provide on the basis of his privilege against self-incrimination as to all matters about which he

might be interrogated in the case of *United States v. Hernan Melendez*, 2007 CF1 2478 (Superior

Court, Washington, D.C.), and in any further proceeding resulting therefrom, or any proceeding

ancillary thereto; and that no testimony or other information compelled under the order (or any

information directly or indirectly derived from such testimony or other information) may be used

against said witness in any criminal case except a prosecution for perjury, giving a false

statement, or otherwise failing to comply with the order.

           Respectfully submitted,

           JEFFREY A. TAYLOR
           UNITED STATES ATTORNEY


           _____

           STEVEN B. SNYDER
           ASSISTANT UNITED STATES ATTORNEY
           D.C. Bar No. 419819
           555 4th Street, N.W.
           Room 9407
           Washington, D.C.  20530
           (202) 305-1390; Fax: 353-9415