PD5—UmPierre

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED

JUL 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| IN RE APPLICATION FOR USE | : | |
| IMMUNITY ORDER FOR | : | Misc No. 08-312 (RCL) |
| WILLIAM LUNA | : | |
|  | : | |
|  | : | |

## MOTION FOR FORTHWITH COURT ORDER DIRECTING UNSEALING OF PROCEEDINGS AND PRODCUTION OF FILINGS

Hernan Melendez, through undersigned counsel, pursuant to his Sixth Amendment right to effective assistance of counsel, his Sixth Amendment right to confrontation, and his Fifth Amendment right to due process of law and a fair trial, respectfully moves this Honorable Court for an Order directing the unsealing of the jacket and proceedings in the above-captioned case prior to July 23, 2008 as that is the deadline, pursuant to Superior Court Criminal Rule 33, for undersigned counsel to file a Motion for New Trial in the interests of justice, in *United States v. Hernan Melendez*, Criminal Case No. 2007 CF1 2478, pending sentencing before the Honorable Frederick Weisberg in which undersigned counsel represent Hernan Melendez.

As grounds for this Motion, Mr. Melendez, through undersigned counsel, states:

1.    Mr. Melendez was convicted after a jury trial before the Honorable Frederick Weisberg of, *inter alia*, the second-degree murder of Andres Benitez.

2.    On the eve of trial the government applied to this Court for an Order of Immunity for William Luna and on May 19, 2008, this Court entered the Immunity Order requested by the government.[1]  Based on independent investigation, undersigned counsel learned that shortly after

---

[1]Because only the Office of the United States Attorney has the power to seek an order of immunity, effectively, without that office seeking the immunity order, Mr. Luna, by virtue of his Fifth Amendment privilege, would have been unavailable to testify. Thus, although undersigned counsel were essentially forced to call Mr. Luna as a defense witness in order to confront him with the admission he had made

Mr. Benitez was killed, William Luna fled to New York and admitted, to the mother of his children, Norma Seravia, that it was he who had killed Andres Benitez and that the police in the District of Columbia were looking for him. *See* February 8, 2007 Sworn Statement of Norma Seravia (appended hereto as Exhibit A). Mr. Luna also threatened to kill Ms. Seravia and her family if she failed to provide him with a place to stay while he hid from the police. *Id.* Mr. Luna ultimately was arrested in New York for his threats to Ms. Seravia and plead guilty there to aggravated harassment in Suffolk County District Court bin case number 2007 SU 009357. On July 8, 2008, undersigned counsel received a transcript of William Luna's guilty plea before the Honorable Hertha Trotto in the District Court of the State of New York in which Judge Trotto clearly indicated that there was a "hold [on Mr. Luna from the District of Columbia] concerning an active homicide investigation" and further indicating that a federal search revealed that Mr. Luna was an "previously deported aggravated felon. *See* March 6, 2007 Transcript in *People v. William Luna,* Docket No. 2007 SU 009357 (appended hereto as Exhibit B), at pp. 2, 6.

2.      On July 17, 2008, undersigned counsel endeavored to obtain copies of the documents contained in the file in the above-captioned case only to learn that it was under seal and could only be produced with authorization from this Court.[2]

3.      In order to fully investigate Mr. Melendez's Motion for New Trial, it is critical that

---

regarding the death of Andres Benitez, *see* Exhibit A (appended hereto), essentially he was a witness over whom the government had control. Judge Weisberg effectively concurred in this assessment when he agreed that it was "disingenuous" for the government to characterize William Luna as a defense witness. Transcript of Trial Proceedings May 21, 2008 in *United States v. Hernan Melendez,* Criminal Case No. 2007 CF1 2478, at 194.

[2]To the extent, **prior to Mr. Melendez's trial**, there was any legitimate interest in withholding the representations made by the government to this Court in connection with the government's request that Mr. Luna be granted immunity, that interest has evaporated now that Mr. Luna has testified at Mr. Melendez's trial and this Court should unseal the proceedings. *Cf.*, F.R.Cr.P. 6(e)(3)(C)(i) (conferring upon the Court the power to order disclosure of otherwise protected grand jury proceedings).

counsel be provided with the representations made by the Office of the United States Attorney, whether orally or in writing, to secure this Court's May 19, 2008, Order granting immunity to William Luna. As noted above, Mr. Luna admitted to the murder in Washington D.C., fled to New York, threatened to kill the mother of his children if she failed to provide him with refuge from the police, and ultimately plead guilty to aggravated harassment in connection with the threats. Accordingly, the representations made by the Office of the United States Attorney in securing the Order of immunity are highly relevant to a Motion for New Trial base don the "interests of justice." Not only are the government's representations relevant to Mr. Luna's credibility, given that the representations must have been based on Mr. Luna's account of the homicide, but the representations are also especially relevant to confronting Mr. Luna's bias. *See Davis v. Alaska*, 415 U.S. 508 (1974); *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959); *Alford v. United States*, 282 U.S. 687 (1931); *United States v. McCrane*, 527 F.2d 906 (3rd Cir. 1975). Thus, Mr. Melendez's Sixth Amendment right to effective assistance of counsel, and his Fifth Amendment right to due process of law and a fair trial require that his counsel be provided access to the jacket and proceedings in the above-captioned case.

**WHEREFORE** for the foregoing reasons, any which may appear in supplemental pleadings which Mr. Melendez specifically reserves the right to file, any which may appear at he requested hearing on this motion, and any others this Court deems just and proper, Hernan Melndez, through counsel, respectfully requests that, the attached Order be entered directing the forthwith unsealing of the proceedings and documents in the above-captioned case.

**Dated: July 18, 2008**                                   Respectfully submitted,

3

_Santha Sonl_

Santha Sonenberg (D.C. Bar No. 376-188)
Public Defender Service
On Behalf of Hernan Melendez
633 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 824-2308

_Michael Umpierre_

Michael Umpierre (D.C. Bar No. 976-896)
Public Defender Service
On Behalf of Hernan Melendez
633 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 824-2333

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion For Forthwith Order Directing Unsealing of Proceedings and Production of Filings and Incorporated Memorandum Of Points And Authorities In Support Thereof has been delivered by hand on this 18th day of July 2008, to Steven Snyder, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530.

_Santha Son_

Santha Sonenberg

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| **IN RE APPLICATION FOR USE IMMUNITY ORDER FOR WILLIAM LUNA** | : : : : : | **Misc No. 08-312 (RCL)** |

### O R D E R

This matter having come before the Court on Hernan Melendez's Motion For Forthwith

Order Directing Unsealing of Proceedings and Production of Filings and Incorporated

Memorandum Of Points And Authorities In Support Thereof filed herein on July 18, 2008, and

good cause having been shown, it is this _____ day of July 2008, **HEREBY ORDERED** that

the Motion is **GRANTED** and that the proceedings and pleadings in the above-captioned case

are to be made available and produced forthwith for counsel for Hernan Melendez.

_____
Royce C. Lamberth
United States District Court Judge

**Copies To:**

Michael Umpierre and Santha Sonenberg
Public Defender Service
633 Indiana Avenue, N.W.
Washington, D.C.  200
**TELECOPIER: (202) 824-2423**

Steven Snyder
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

POLICE DEPARTMENT COUNTY OF SUFFOLK, N.Y.
**STATEMENT FORM**
PDCS-1165b

℃. # 7-68995

Date 2/8/2007 Time 1650

Page 1 of 1

I, NORMA SARAVIA
_____ (being duly sworn) deposes and
name

(words "being duly sworn" are to be crossed out if a sworn statement is not being prepared) that I am 25 years

I was born on 03/23/81 . I am giving this statement to POLICE OFFICER VITALE 4955/320/T2
d.o.b.                                            (name of officer)          (age)

I am giving this statement freely, having received no threats or promises to do so.

~~I AM AT THE THIRD PRECINCT IN BAYSHORE GIVING THIS STATEMENT TO OFFICER VITALE . MY~~
~~NAME IS NORMA SARAVIA AND I LIVE AT 132 MCKINLEY ST BRENTWOOD. I LIVE THERE WITH MY~~
~~FATHER, SISTER AND TWO BROTHERS MY CELL PHONE NUMBER IS 631-796-0932 . ABOUT A WEEK AGO~~
~~MY EX-BOYFRIEND,WILLIAM LUNA, 29 YEARS OLD, STARTED TO CALL ME ON MY CELL PHONE I~~
~~DIDN'T WANT TO TALK TO HIM BECAUSE HE WAS ABUSIVE TO ME IN THE PAST. I LEFT HIM ABOUT~~
~~SEVEN MONTHS AGO. BEFORE I LEFT HIM I WAS WITH HIM FOR ABOUT EIGHT YEARS AND HAVE TWO~~
~~CHILDREN WITH HIM. ON 02-03-07 AT ABOUT 9:00 PM MY EX-BOYFRIEND, WILLIAM LUNA, CALLED~~
~~ME AGAIN ON MY CELL PHONE(631-796-0932)HE TOLD ME "IF YOU DON'T HELP ME I'M GOING TO~~
~~KILL YOU, AND YOUR FAMILY".HE ALSO SAID THAT HE WANTS TO COME TO NEW YORK TO STAY WITH~~
~~ME AND TO SUPPORT HIM.HE CALLED ME FROM PHONE NUMBER 301-537-8021. I RECOGNIZE HIS~~
~~VOICE BECAUSE I WAS WITH HIM FOR SO LONG. I'M SCARED BECAUSE HE KEPT TELLING ME THAT HE~~
~~WANTS TO COME TO NEW YORK BECAUSE HE KILLED SOMEONE FIFTEEN DAYS AGO,AND THAT IT WAS IN~~
~~SELF DEFENSE. HE TOLD ME HE WANTS TO HIDE FROM THE POLICE IN WASHINGTON D.C. BECAUSE~~
~~THEY ARE LOOKING FOR HIM. I WANT HIM ARRESTED BECAUSE, FROM WHAT HE IS TELLING ME I~~
~~THINK HE WILL KILL ME.HE ALSO KNOWS WERE I LIVE. THIS STATEMENT WAS TRANSLATED INTO~~
~~ENGLISH FROM SPANISH BY P.O. ALERTE #5681.I HAVE READ THE ABOVE 1 PAGE STATEMENT AND~~
~~SWEAR IT IS THE TRUTH.~~

*Norma Yesenia Saravia*

alse statements made herein are punishable as a class
" misdemeanor pursuant to Section 210.45 of the Penal
aw

Signature of person giving statement

NORMA YESENIA SARAVIA       02 03 07
Signature of person giving statement       Date

*Joe Vitale* PO 4955/320/T2   2-8-07
ithessing officer
*Joels Alt* P.O. 5681/310/282

Sworn to

Notary P.

DISTRICT –DOCKET NOS. 2ⁿᵈ ⎯ 08804

**MISDEMEANOR INFORMATION**

STATE OF NEW YORK
COUNTY OF SUFFOLK } ss:    PIN:573768

**LUNA,WILLIAM**

2/9/07

CC NUMBER 07-068995/SPD

ARREST NUMBER 006143-07

APPEARANCE

IF O DEFENDANT:  CHILD IN COMMON (RELATIONSHIP TO V

ALLEGED VICTIM:  CHILD IN COMMON (RELATIONSHIP TO D

FROM DATE & HOUR        TO DATE & H

1.

The People of the State
of New York
-vs-
} Defendant

Name (Complainant)  VITALE, JOHN V

of No.  30 YAPHANK AVE    YAPHANK  NY  11980    PID: 33765   PO

Being duly sworn, says that on  02/03/07    at about time  21:00

at  132 MCKINLEY ST, BRENTWOOD    Sqd. # 0320

County of Suffolk, State of New York, the defendant (Name, Address & D.O.B.)    Town of  ISLIP

LUNA,WILLIAM

1008 RHODE ISLAND AVE    WASHINGTON D.C.

wrongfully, intentionally, knowingly, recklessly, with criminal negligence committed the offense of:    D.O.B. 07/11/78

AGGRAVATED HARASSMENT IN THE SECOND DEGREE.

IN VIOLATION OF PL 240.30  01  AM2 NYS PENAL LAW

**Count # 001**

In That:  WITH INTENT TO HARASS, ANNOY 'THREATEN' OR ALARM ANOTHER PERSON, THE ABOVE NAMED DEFENDANT: COMMUNICATED, OR CAUSED A COMMUNICATION TO BE INITIATED BY MECHANICAL OR ELECTRONIC MEANS OR OTHERWISE, WITH A PERSON, ANONYMOUSLY OR OTHERWISE, BY TELEPHONE, OR BY TELEGRAPH, MAIL OR OTHER FORM OF WRITTEN COMMUNICATION, IN A MANNER LIKELY TO CAUSE ANNOYANCE OR ALARM.

To Wit:  THE DEFENDANT,AT 132 MCKINLEY ST, BRENTWOOD, IN THE TOWN OF ISLIP,SUFFOLK COUNTY, NEW YORK, ON OR ABOUT 02/03/07 AT 2100 HOURS, WITH INTENT TO HARASS, ANNOY, THREATEN, OR ALARM ANOTHER PERSON, COMMUNICATED, OR CAUSED A COMMUNICATION TO BE INITIATED BY MECHANICAL OR ELECTRONIC MEANS OR OTHERWISE, WITH A PERSON, ANONYMOUSLY OR OTHERWISE, BY TELEPHONE, OR BY TELEGRAPH, MAIL OR ANY OTHER FORM OF WRITTEN COMMUNICATION, IN A MANNER LIKELY TO CAUSE ANNOYANCE OR ALARM;IN THAT THE DEFENDANT DID MAKE A PHONE CALL TO NORMA SARAVIA AND STATED 'IF YOU DONT HELP ME I'M GOING TO KILL YOU, AND YOUR FAMILY'. THIS ACTION DID ANNOY, ALARM AND THREATEN, NORMA SARAVIA, BY PLACING HER IN FEAR OF HER LIFE.

This complaint is based on (personal knowledge) & (information and belief), the source being the attached [sworn deposition(s) of  NORMA SARAVIA

dated  02/08/07    ]  [ the attached laboratory report of the Suffolk County Police Department,

dated _____ ]*

☒ Warrant Requested **    ☐ Criminal Summons Requested

SWORN TO BEFORE ME  02/08/07    20___

NATURE OF OFFICIAL ADMINISTRATING OATH    Sergeant

COMPLAINANT - IF POLICE OFFICER, RANK SHIELD, SQUAD & COMMAND

D-79 CG    * STRIKE OUT WORDS NOT APPLICABLE
** IF WARRANT REQUESTED, PROVIDE JUDGE WITH REASONS EITHER PERSONALLY OR VIA INTERNAL CORRESPONDENCE

COURT COPY

**CERTIFICATE OF DISPOSITION**
DISTRICT COURT OF THE COUNTY OF SUFFOLK
=================================================================

THE PEOPLE OF THE STATE OF NEW YORK
                          VS.                    DOCKET NUMBER:        2007SU009357
LUNA,WILLIAM                                     DATE OF BIRTH:        07/09/1978
1008 RHODE ISLAND AVE
WASHINGTON DC NY                                 DATE OF ARREST/ISSUE: 02/11/2007

                                                 JUDGMENT ORDERED

**ARRAIGNMENT CHARGES:**
PL 240.30 01 AM            AGGRAVATED HARASSMENT


DATE OF PLEA:           03/06/2007    JUDGE: TROTTO,H    PART: D32
DATE OF DISPOSITION: 03/06/2007       JUDGE: TROTTO,H    PART: D32


**DISPOSITIONS:**
PL 240.30 01 AM            AGGRAVATED HARASSMENT
                           PLED GUILTY
                           IMPRISONMENT = 90 DAY(S)
                           FINAL ORDER OF PROTECTION  5 YEAR(S)

                           CVAF = $20(JUDGMENT ORDERED)
                           SURCHARGE = $140(JUDGMENT ORDERED)

I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN THIS COURT.
WARREN G. CLARK
WARREN G. CLARK
CLERK OF THE COURT                    05/14/2008           FEE: NONE
                                      DATE                 NUMBER:  13147

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL.)

ORI: NY 051033J
Order No: 2007-701586
NYSID:

Present: Honorable H. Trotto
*District Court Judge*

AT A TERM OF THE DISTRICT COURT, COUNTY OF SUFFOLK, HELD AT THE COURTHOUSE
LOCATED AT 400 CARLETON AVENUE, CENTRAL ISLIP, NEW YORK, 11722

☐ Youthful Offender

**ORDER OF PROTECTION**
Family Offenses CPL§530.12
Other Domestic Violence Crimes CPL §530.13
☐ Ex Parte   ☒ Defendant Present In Court

**PEOPLE OF THE STATE OF NEW YORK**
vs  2007SU9357

William Luna  (7-9-78)
DEFENDANT NAME    DATE OF BIRTH

Part D 32  Docket No. 2007SU009357

Charges  PL 240.30

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND CONTINUE IN EFFECT UNTIL YOU REAPPEAR IN COURT.

☐ TEMPORARY ORDER OF PROTECTION. Whereas good cause has been shown for the issuance of a temporary order of protection [as a condition of ☐ release on bail ☐ adjournment in contemplation of dismissal].

☒ ORDER OF PROTECTION. Whereas defendant has been convicted of [specify] PL 240.30

And the Court having made a determination in accordance with §530.12 or §530.13 of the Criminal Procedure Law, it is hereby ORDERED that the above-named defendant observe the following conditions of behavior: [check paragraphs and subparagraphs that apply]:

☒ Stay away from ☒ [name(s) of protected persons] Norma Saravia
and/or from the ☒ home of  Norma Saravia
☒ school of  Norma Saravia
☒ business of  Norma Saravia
☒ place of employment of  Norma Saravia
☒ other [specify]  No Third Party Contact

☒ Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other means with [specify protected person(s)]: Norma Saravia
☒ Refrain from assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense against [specify protected person(s) and/or, members of protected person family or household, and/or person(s) with custody of child(ren)] Norma Saravia
☐ Permit the defendant to enter the residence at [specify]:
during [specify date/time]: _____ with Suffolk Police or Sheriffs to remove personal belongings not in issue in litigation [specify items]: _____
☒ Refrain from [indicate acts]: any and all acts
that create an unreasonable risk to the health, safety or welfare of [specify child(ren), family or household member(s)]: Norma Saravia
☐ Permit the defendant, entitled by a court order or separation or other written agreement, to visit with [specify child(ren): _____ during the following periods of time [specify]: _____ under the following terms and conditions [specify]: _____ and do not purchase or possess or attempt to purchase or possess
☒ Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: all weapons
Such surrender shall take place immediately, but in no event later than [specify date/time]: immediately at the nearest Police Precinct or to the Police Officer or Deputy Sheriff serving this order.
☒ Observe other condition(s) as are necessary [specify conditions]: no Direct or third party contact
☐ Subject to any Supreme Court or Family Court order of custody and/or visitation.

☒ IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law§400.00, is hereby [A] ☐ suspended or ☒ revoked [final order only], and/or [C] ☒ the Defendant shall remain ineligible to receive a firearm license during the period of this order [Check all applicable boxes].

IT IS FURTHER ORDERED that this order of protection shall remain in effect until  3.6.12

Dated:  3.6.07    Bertha C Trotto
District Court Judge
(COURT SEAL)    #40

☐ Defendant advised in Court of issuance of Order.

Received by Defendant  WILLIAM LUNA
☒ Service Executed  Date: 3.6.07  Time: 2:42:?

The Criminal Procedure Law provides that presentation of a copy of this order of protection to any police officer or peace officer acting pursuant to his or her special duties shall authorize, and in some situations may require, such officer to arrest a defendant who has violated its terms and to bring him or her before the Court to face whatever penalties may be imposed therefor.

Federal law provides that this order must be honored and enforced by state and tribal courts, including courts of a state, the District of Columbia, a commonwealth, territory or possession of the United States, if it is established that the person against whom the order is sought is an intimate partner of the protected party and has been or will be afforded reasonable notice and opportunity to be heard in accordance with state law sufficient to protect that person's right (18 U.S.C. §§2265, 2266).

It is a federal offense to: cross state lines to violate an order of protection issued against an intimate partner; cross state lines to engage in stalking, harassment or domestic violence, purchase, transfer, possess or receive a firearm following a conviction of a domestic violence misdemeanor involving the use or attempted use of physical force or a deadly weapon; or [for persons other than intimate partners] or intimate partner after notice and an opportunity to be heard, prohibiting assault, harassment, threatening and/or stalking, is in (18 U.S.C. §§922(g)(8), 922(g)(9), 2261, 2261A, 2262).

CRIMINAL FORM 1 10/02 (9/03)

1

DISTRICT COURT OF THE STATE OF NEW YORK
FIRST DISTRICT:          CENTRAL ISLIP, NY
----------------------------------------X
PEOPLE OF THE STATE OF NEW YORK,

                    Plaintiff,          Docket No.
                                        2007SU009357
        -against-

WILLIAM LUNA,

                    Defendant.
----------------------------------------X

                    D-32
                    March 6, 2007

B E F O R E :

        HONORABLE HERTHA C. TROTTO,
        Acting County Court Judge

APPEARANCES:


        THOMAS J. SPOTA, III, ESQ.
        Suffolk County District Attorney
             400 Carleton Avenue
             Central Islip, New York 11722
        BY:  LESLIE STEVENS, ESQ.,
        BY:  ALIA FISCO, ESQ.,
             Assistant District Attorneys


        LEGAL AID SOCIETY - SUFFOLK COUNTY
        Attorneys for Defendant
             400 Carleton Avenue
             Central Islip, New York 11722
        BY:  DAVIS GELLAR, ESQ.

ALSO PRESENT:

        MARYLOU ORIERIO, Spanish Interpreter

        DIANE MISCHO, Official Court Reporter

People vs. Luna                                    2

1
2          THE COURT:  I do not recall which OP
3    hearing I had scheduled first.
4          COURT OFFICER:  Interpreter.
5          THE COURT:  We will take the custody
6    matter now.
7          THE CLERK:  William Luna.
8          THE COURT:  Is there a hold?
9          THE CLERK:  It's listed as a
10   teletype, Washington, DC.  The actual
11   paperwork indicates a hold.  They want
12   him for questioning, so someone has
13   lodged --
14         THE COURT:  Someone is doing what
15   they are supposed to.
16         William Luna?
17         The last date -- I had also provided
18   copies of the teletype to both parties.
19   I don't know if anyone had contacted
20   Washington.
21         MS. STEVENS:  I did.
22         THE COURT:  Are they coming?
23         MS. STEVENS:  Not at this time.
24   They are still investigating and they are
25   aware that the Defendant is in custody

**People vs. Luna**                                          3

here, and we will most likely be taking a
plea today which will result in his
release sometime in early April.

THE COURT:  What is the proposed
disposition?

MS. FISCO:  Six months.

THE COURT:  What is it?

MR. GELLAR:  No.

MS. STEVENS:  The Defendant would be
pleading guilty, Your Honor.  It's
People's understanding under Docket
Number 2007SU009357, the Defendant will
be withdrawing his previously entered
plea of not guilty, and entering a plea
of guilty to the charge of PL 240.30,
Aggravated Harassment.

The People would be recommending a
sentence of ninety days and requesting a
stay-away Order of Protection put in
place for the complaining witness.

THE COURT:  I thought someone said
six months.

MS. FISCO:  It used to be six
months.  I hadn't seen it.  It had been

**People vs. Luna**                                    4

crossed out, Judge.  Sorry.

     THE COURT:  Ninety days?

     MR. GELLAR:  Right, Your Honor.

     THE COURT:  That -- that wouldn't require an in-custody probation report, and what about any Orders of Protection?

     MS. FISCO:  We just handed up a stay-away to the Clerk, Judge.

     THE COURT:  There will be a stay-away, no contact, and your client understands what stay-away, no contact, means?

     MR. GELLAR:  Yes, Your Honor.

     THE COURT:  In this case, it could -- you know, if violated, could also lead to possible witness tampering charge with regard to the Washington matter.  So, I hope he understands the absolute need to abide by this Order.

     Is your client accepting the offer?

     MR. GELLAR:  Yes, he is.

     THE COURT:  Sir, it's my understanding as part of a plea bargain that you will now be pleading guilty.

**People vs. Luna**                                          5

1    Want to make sure I have a NYSID to

2 the misdemeanor charge of Aggravated

3 Harassment in the Second Degree.  Is that

4 what you wished to do?

5         THE DEFENDANT:  Yes.

6         THE COURT:  Has anybody forced you

7 or threatened you or made you plead

8 guilty?

9         THE DEFENDANT:  No.

10        THE COURT:  And do you understand,

11 sir, by pleading guilty, it will be the

12 same as if you had gone to trial and were

13 found guilty after the trial?

14        THE DEFENDANT:  Yes.

15        THE COURT:  That you will be giving

16 up your right to make the People prove

17 the charges against you beyond a

18 reasonable doubt; your right to have your

19 attorney cross-examine any witnesses who

20 are called to testify against you; and

21 your right to present a defense case, if

22 you chose to do so?

23        THE DEFENDANT:  Yes.

24        THE COURT:  Can I see you at

**People vs. Luna**                                    6

side-bar?

(Whereupon, a discussion was held off the record between the Court and all Counsel at the side-bar.)

THE COURT:  I just called Counsel to side-bar because in addition to the hold concerning an active homicide investigation by the Metropolitan Police in Washington, DC, I came across a Federal search that indicates, "Warning: Previously deported felon."  A deported criminal/aggravated felon, and that whoever had this, should immediately notify the Bureau of Immigration at a particular phone number.

I have discussed that with the District Attorney.  Apparently, she was aware of that other entry as well.

MS. STEVENS:  Judge, I can make the representation that I have spoken with the U.S. Attorney's Office in Washington, DC.  They are fully aware of where Mr. Luna is, and how long he will be incarcerated here.

**People vs. Luna**                                      7

THE COURT:  I just have a concern, you know, that's a sort of a warning that jumps out at us.

All right.  I believe then if the People are satisfied, we can go forward.

Sir, so I was asking you that you were aware of the rights you were giving up, is that correct?

THE DEFENDANT:  Yes.

THE COURT:  And you enter this plea voluntarily?

THE DEFENDANT:  Yes, it's okay.

THE COURT:  And I call your attention to the date of February 3, 2007, 132 McKinley Street, did you on that day with the intent to harass, annoy, threaten or alarm another person, communicate with that person in a manner likely to cause annoyance or alarm?

THE DEFENDANT:  Yes.

THE COURT:  And with whom did you communicate?

THE DEFENDANT:  With Norma.  She's the one that I spoke with.

**People vs. Luna**                                      8

THE COURT:  And do you know Norma's last name?

THE DEFENDANT:  Norma Saravia.

THE COURT:  And in the course of that communication, were you the one who made the phone call?

THE DEFENDANT:  Yes.

THE COURT:  And where were you when you made the call?

THE DEFENDANT:  I was in Washington.

THE COURT:  So, it was a long distance phone call?

THE DEFENDANT:  Yes.

THE COURT:  During the course of that phone call, did you make threats to her?

THE DEFENDANT:  No, just like that.

THE COURT:  Just like what?

THE DEFENDANT:  Just like -- like you are saying.

THE COURT:  Well, I didn't say anything.  I asked you if you called her long distance -- shh, shh -- and made threats to her.

People vs. Luna

9

THE DEFENDANT:  Yes.

THE COURT:  And what was the nature of the threat, sir?  Do you recall?

THE DEFENDANT:  I threatened her. She said I threatened her family.

THE COURT:  It's not what she said, sir.  It's what you did, sir.

She states, "If you don't help me, I am going to kill you and your family." That's what she said you said, sir.

Is that accurate or not accurate?

THE DEFENDANT:  Yes, that's okay.

THE COURT:  People satisfied? Satisfied?

MS. FISCO:  He said "Yeah, it's okay," at the end.  I don't know if he really understands.

THE COURT:  Is it guilty or not guilty?  Can you just stop for a minute?

THE DEFENDANT:  Yes, I am guilty.

THE COURT:  And do you recall making a phone call?

THE DEFENDANT:  Yes.

THE COURT:  Did you threaten the

**People vs. Luna**                                          10

1  person and her family on the other end?

2      THE DEFENDANT:  Yes.

3      MS. FISCO:  People are satisfied,

4  Judge.  Thank you.

5      THE COURT:  Thank you.

6      The plea is accepted to the charge

7  as bargained for and agreed to.

8      There will be a waiver of any

9  probation report, is that correct,

10  Counsel?

11      MR. GELLAR:  Yes.

12      THE COURT:  The bargained for

13  sentence is a stay-away Order of

14  Protection from Norman -- Norma Saravia.

15  No contact whatsoever.  No third-party

16  contact.

17      THE DEFENDANT:  Yes.

18      THE COURT:  Handing this paper down.

19  Defendant will be uncuffed solely for the

20  purpose of signing the paper.

21      The Order of Protection has been

22  signed.  Ninety-day sentence of

23  incarceration has been imposed.

24      There is also a third charge of

1                **People vs. Luna**           11

2     $160.

3         Under the circumstances, Counsel, do

4     you wish the judgment or the summons?

5         MR. GELLAR:  Judgment.

6         THE COURT:  Judgment will be entered

7     at Counsel's request.

8         There might even be a DNA fee.  I

9     will have to check with the Clerk.

10         THE CLERK:  Judge, there's not one.

11         THE COURT:  There's not one on this

12     charge.  Just the surcharge of $160.

13         Providing the Order of Protection to

14     the People, and a copy to Defendant.

15         People, this is a case where you

16     wish to acquaint the complaining witness

17     with the VINE program.  In the event the

18     hold is cleared, when the Defendant is

19     released, the complainant will have an

20     ability -- it's a telephone system

21     notifying someone when a person is

22     released from custody.

23         MS. FISCO:  I will pass that on,

24     Judge.

25         COURT OFFICER:  Civil summons, Order

**People vs. Luna**                                    12

of Protection served.

Counsel, acknowledge receipt on behalf of your client?

MR. GELLAR:  Yes.

THE COURT:  Notice of right to appeal and all paperwork has been served.

I think that's it.  Thank you very much.

(Whereupon, the matter was concluded.)

\*        \*        \*

<u>CERTIFICATION</u>

I, DIANE MISCHO, an Official Court Reporter of the State of New York, County of Suffolk, do hereby certify that this transcript is a true and accurate transcription of my stenographic notes taken on this day.

_____
DIANE MISCHO,
Official Court Reporter