UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION FOR USE
IMMUNITY ORDER FOR
WILLIAM LUNA

Misc No. 08-312 (RCL)

## SUPPLEMENTAL REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR FORTHWITH COURT ORDER DIRECTING UNSEALING OF PROCEEDINGS AND PRODUCTION OF FILINGS

Hernan Melendez, through undersigned counsel, respectfully submits this Supplemental Reply to the government's opposition to his Motion For Court Order Directing the Unsealing of the Proceedings and Production of Filings in the government's May, 2008 application for immunity for William Luna.

It remains unclear why the government's immunity application for William Luna was sealed in the first instance and what the rationale underlying that was. Clearly at the time immunity was sought by the government or for Mr. Luna he was not a witness in the grand jury, proceedings as to which secrecy otherwise applies by court rule. *See generally In re Antitrust Grand Jury Investigation*, 508 F.Supp. 397 (E.D. Va. 1980) (discussing the value to immunity applications for grand jury witnesses, as opposed to trial witnesses, remaining under seal at least until an indictment has been returned), and citing *Douglas Oil Company v. Petroleum Stops Northwest*, 441 U.S. 211 (1979) (on the rationale for secrecy of immunity proceedings if the witness is appearing before a grand jury). The immunity statute makes no mention of sealing immunity applications and there does not appear to be any legitimate basis for it to have been under seal. Indeed to the contrary, "proceedings on an application under [18 U.S.C.] § 6003 are, **undeniably**, 'a matter of public interest.'" *In re Antitrust Grand Jury Investigation, supra* 508

F.Supp. at 398. As the court observed in *In re Antitrust Grand Jury Investigation*

> It is not sufficient . . .merely to observe that immunity application have more of the nature of grand jury proceedings and, thus, all secrecy rules apply . . .
>
> \*\*\*\*\*
>
> Despite the procedural and ideational manifestation of grand jury attributes to immunity proceedings, tending thus toward a requirement of secrecy, . .[u]ndoubtedly, abuses in the granting or denial of immunity, the application of unnecessarily lax or rigid standards by the prosecutor, instances of favoritism or corruption, evidence of prejudice or bias . . . on the part of the prosecutor or the Court might well be revealed with benefit to the common weal by access to [18 U.S.C.] § 6003 proceedings.

508 F.Supp. at 398.

William Luna was effectively a government witness against Mr. Melendez at trial. He was under the government's control. He testified (without an immunity order) before the grand jury that returned an indictment against Mr. Melendez. (Indeed, the government avoided calling him at trial, thereby circumventing any obligation to turn over his grand jury testimony as "*Jencks*" material, and allowing the government to cross-examine Mr. Luna using leading questions.)

In *Ryan v. Commissioner of Internal Revenue Service*, 568 F.2d 531 (7th Cir. 1977), the Seventh Circuit discussed the immunity statute and rejected three challenges to the government's actions in that case. The Seventh Circuit's rationale and approach in *Ryan* is instructive because the court examined each challenge in light of the <u>language of the immunity statute itself</u>. Finding no requirement in the language of the statute for any of the three procedures challenged in *Ryan*, the Seventh Circuit held that the statute was not violated. 568 F.2d at 539-541. By that rationale, this Court should examine the plain language of the statute itself, and find no authorization for the government's immunity application to have been placed under seal in the

first instance because no language in the immunity statute requires or authorizes the sealing of proceedings relating to applications for immunity.

Moreover, on the facts of this case, no justification exists to continue maintaining under seal the immunity application proceedings for William Luna. Not only does the grand jury rationale for secrecy of immunity applications not obtain, since an indictment against Mr. Melendez was returned long ago, but Mr. Melendez's trial is over. Mr. Luna has testified before a jury. Independent of whether there ever was any basis to have sealed the immunity proceedings, there surely is no justification at this juncture not to unseal them since Mr. Melendez's trial is over. The government has yet to articulate a single reason that did justify, or presently justifies, the immunity application and proceedings before this Court having been, or remaining, sealed. As Judge Wariner's observations in *In re Antitrust Grand Jury Investigation, supra,* make clear, if criminal proceedings truly are public, and if prosecutors truly abide by the obligations the Supreme Court has recognized them to have, *see Berger v. United States*, 295 U.S. 78 (1935),[1] there should be nothing to hide in unsealing the immunity application and proceedings as Mr. Melendez has requested.

---

[1] In *Berger* the Supreme Court explained:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense a servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor -- indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

295 U.S. at 88.

**WHEREFORE** for the foregoing reasons, those set forth in his July 18, 1008 Motion and the July 24, 2008 supplement thereto, any which may appear in supplemental pleadings which Mr. Melendez specifically reserves the right to file, and at the requested hearing on this motion, and any others this Court deems just and proper, Hernan Melendez, through counsel, respectfully requests that, the attached Order be entered directing the forthwith unsealing of the proceedings and documents in the above-captioned case.

**Dated: August 11, 2008**                                    Respectfully submitted,

_____                    _____
Santha Sonenberg (D.C. Bar No. 376-188)           Michael Umpierre (D.C. Bar No. 976-896)
Public Defender Service                                          Public Defender Service
On Behalf of Hernan Melendez                                 On Behalf of Hernan Melendez
633 Indiana Avenue, N.W.                                       633 Indiana Avenue, N.W.
Washington, D.C. 20004                                          Washington, D.C. 20004
(202) 824-2308                                                          (202) 824-2333

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Supplemental Reply to Government's Opposition to Motion For Forthwith Order Directing Unsealing of Proceedings and Production of Filings and Incorporated Memorandum Of Points And Authorities In Support Thereof has been delivered by facsimile to (202) 353-9415 on this 11th day of August 2008, to Steven Snyder, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530.

_____
Santha Sonenberg